IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT R. BREEN, JR.,** *et al.***,**

      Appellants,

v.                                                    Civil Action No. 3:18cv759

**PORTFOLIO RECOVERY
ASSOCIATES, LLC,**

      Appellee.

## MEMORANDUM OPINION

This matter comes before the Court on Robert R. Breen and Tammy L. Breen's appeal from the October 19, 2018 Order of the Honorable Kevin R. Huennekens, U.S. Bankruptcy Court Judge, overruling their claim objection. (Bankr. Case No. 14-34916, ECF No. 1.) Appellee Portfolio Recovery Associates, LLC, ("PRA") did not respond to Appellant's Brief and the time to do so has expired.[1] The Breens also filed a "Motion Under Federal Rules of Appellate Procedure 8018(e) to Dispense with the Appendix and Permit Appeal to Proceed on Original Record." (ECF No. 7.) PRA did not respond to that motion and the time to do so has expired. The Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a)(1).[2] For the reasons that follow, the Court will affirm the Bankruptcy Court and deny as moot the pending motion.

### I. Background

This appeal turns on whether the Bankruptcy Court correctly held that a modified Chapter 13 bankruptcy plan did not bind PRA until the Breens served PRA, a known creditor,

---

[1] Failure to file a responsive brief does not automatically result in an appellant prevailing on appeal. *See Lovell v. Stanifer (In re Stanifer)*, 236 B.R. 709, 713 (B.A.P. 9th Cir. 1999). In this case, the Court can resolve the appeal based on the record before it.

[2] "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157] . . . ." 28 U.S.C. § 158(a)(1).

with the plan. On September 11, 2014, Robert R. Breen and Tammy L. Breen filed a voluntary bankruptcy petition and plan pursuant to Chapter 13, Title 11 of the United States Code. (Appellant's Designation of Record "R." 6, 43, 58, 115-16, ECF No. 4-1.) The petition identified Ally Financial as a secured creditor based on an automobile loan the Breens obtained for a 2013 Ford Explorer. (R. 23.) Schedule D to the petition, addressing creditors holding secured claims, listed Ally Financial's "amount of claim without deducting value of [the] collateral" as $37,864.00. (*Id.*) Ally Financial timely filed a proof of claim in the amount of $37,331.18 for the Ford Explorer before the Bankruptcy Court confirmed the plan on November 24, 2014. (R. 70-71, 87.)

On July 11, 2017, Ally Financial transferred its claim to PRA Receivables Management, LLC., as agent of Portfolio Recovery Associates, LLC. (R. 71.) The transfer of claim stated that notices to the transferee should be sent to "Portfolio Recovery Associates, LLC, POB 41067, Norfolk, VA 23541." (R. 71.)

On February 5, 2018, the Breens filed a modified Chapter 13 plan (the "Modified Plan"), which provided for surrender of the 2013 Ford Explorer. (R. 3, 79.) The Modified Plan contained the following nonstandard provision:

> DEBTORS ARE SURRENDERING THEIR FORD EXPLORER SECURING A LOAN WITH ALLY BANK, WHICH CLAIM HAS BEEN TRANSFERRED TO PORTFOLIO RECOVERY ASSOCS, LLC ("PRA"). PRA SHALL HAVE 60 DAYS FROM THE CONFIRMATION OF THIS PLAN TO LIQUIDATE ITS CLAIM AND FILE A PROOF OF CLAIM. PRA'S FAILURE TO FILE A PROOF OF CLAIM FOR AN UNSECURED DEBT PRIOR SUCH DATE SHALL PROHIBIT IT FROM RECEIVING A DISTRIBUTION AS AN UNSECURED CREDITOR.

(R. 79, 88.) The fifth page of the Modified Plan stated that on "12/12/2017 true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s): Portfolio Recovery Associates, LLC" (R. 79), by "first class mail in conformity with the requirements of Rule 7004(b)." (R. 80.) The Modified Plan did not specify the mailing address

2

used for PRA. (R. 85.) The Modified Plan also listed addresses for creditors and interested parties, presumably to receive copies of the Modified Plan, but that list did not include PRA. (R. 85.)

On April 5, 2018, the Bankruptcy Court confirmed the Modified Plan, including the nonstandard provision concerning liquidation of the Ford Explorer and the 60-day deadline to file a proof of claim. (R. 86.) In the order confirming plan, the Bankruptcy Court stated that the Modified Plan met each of the requirements in 11 U.S.C. § 1325(a). (R. 86.) The order further specified that Standing Order No. 15-4 governed the "deadline to file objections to claims."[3] (R. 86.)

On July 9, 2018, PRA filed their proof of claim concerning the Ford Explorer, roughly 90 days after the Bankruptcy Court entered its order confirming the Modified Plan. (R. 88, 105.) On August 15, 2018, the Breens filed an objection to the proof of claim, arguing that the Bankruptcy Court should disallow it because PRA did not timely file its proof of claim in accordance with the 60-day deadline that the Modified Plan established. (R. 87–89.)

After a hearing, the Bankruptcy Court overruled the Breen's objection to PRA's proof of claim. (R. 4, 106.) The Bankruptcy Court recognized that the terms of a confirmed Chapter 13 plan are "binding upon all creditors that received proper notice of the Chapter 13 Plan but failed to object." (R. 105 (quoting *Denke v. PNC Bank, N.A.*, 524 B.R. 644, 648 (Bankr. E.D. Va. 2015)). Therefore, the Bankruptcy Court first considered whether the Modified Plan, which included the nonstandard provision with the 60-day proof of claim deadline, bound PRA. (R. 105.)

---

[3] The Standing Order states: "in all chapter 13 cases filed on or after July 1, 2015, the bar date to file an objection to a proof of claim shall be 90 days after the deadline to file the proof of claim as set in the chapter 13 case." E.D. Bankr. Va. Standing Order No. 15-4.

3

To resolve that issue, the Bankruptcy Court recognized that the Modified Plan constituted "a contested matter not otherwise governed by the [Federal Rules of Bankruptcy Procedure]." (R. 105.) As a contested matter, Federal Rules of Bankruptcy Procedure 9014 and 7004 applied. (R. 105.)

The Bankruptcy Court next found that the Breens "failed to properly serve a copy of the Modified Plan on the Claimant under Bankruptcy Rule 7004(b)" because the Breens did not mail it to "an officer, managing or general agent, or other agent authorized to receive service of process" in accordance with the Rules of Bankruptcy Procedure. (R. 106.) Rather, the Breens mailed the Modified Plan to a post office box.[4] (R. 106.) The Bankruptcy Court therefore concluded that PRA "lacked proper notice of the Modified Plan and its terms," so the nonstandard provision with the 60-day deadline did not bind PRA. (R. 106.) Because PRA filed its proof of claim on July 9, 2018, before the Breens properly served on PRA the Modified Plan in accordance with Rule 7004(b), the Bankruptcy Court overruled the Breen's objection to the timeliness of PRA's claim. (R.106.) The Breens timely appealed. (R. 108.)

## II. Standard of Review

Final orders of a bankruptcy court are appealable to a district court pursuant to 28 U.S.C. § 158(a). "When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526–27 (E.D. Va. 2010) (citing *Webb v. Reserve Life Ins. (In re Webb)*, 954 F.2d 1102, 1103–04 (5th Cir. 1992)). The district court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings

---

[4] To make this finding and answer the question about proper service, the Bankruptcy Court specifically asked the Breens to "file[] an amended certificate of service for the Modified Plan." (R. 106.) The amended certificate of service provided that "a copy of the Modified Plan was mailed on February 6, 2018, via first-class mail, to 'PRA Receivables Management, LLC, POB 41067, Norfolk, VA 23541-1067' and 'Portfolio Recovery Associates LLC, PO Box 41067, Norfolk, VA 23541." (R. 106.)

4

for clear error. *Stancill v. Harford Sands, Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 639 (4th Cir. 2004). A finding of fact is clearly erroneous if a court reviewing it, considering all of the evidence, "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Educ. Credit Mgmt. Corp. v. Mosko (In re Mosko)*, 515 F.3d 319, 324 (4th Cir. 2008) (quoting *United States Gypsum Co.*, 333 U.S. at 395). In cases where the issues present mixed questions of law and fact, the Court will apply the clearly erroneous standard to the factual portion of the inquiry and *de novo* review to the legal conclusions derived from those facts. *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996). "Decisions committed to the discretion of the bankruptcy court are reviewed for abuse of discretion." *In re Mitrano*, 409 B.R. 812, 815 (E.D. Va. 2009).

### III. Analysis

On appeal, the Breens assert that the Bankruptcy Court erred in overruling their objection to PRA's proof of claim because the Modified Plan, once confirmed, bound PRA in accordance with 11 U.S.C. § 1327 and established a 60-day claim deadline. (Appellant's Br. 6, ECF No. 6.) As the Bankruptcy Court recognized, whether PRA received proper notice of the Modified Plan, and the nonstandard provision contained therein, forms the pivotal issue.[5] If PRA received proper notice of the Modified Plan as required under law, then the nonstandard provision binds PRA to the 60-day proof of claim deadline. Because the record shows that the Breens did not

---

[5] When the bankruptcy court confirms a plan, its terms may become binding on debtor and creditor alike. 11 U.S.C. § 1327(a); *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371 (4th Cir. 2017), *as amended* (Apr. 6, 2017) (discussing when res judicata applies to bankruptcy plan confirmation orders). Confirmation has preclusive effect, foreclosing relitigation of "any issue actually litigated by the parties and any issue necessarily determined by the confirmation order." 8 COLLIER ON BANKRUPTCY ¶ 1327.02[1][c] (16th ed. 2019) at 1327–6; *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010) (finding a confirmation order "enforceable and binding" on a creditor notwithstanding legal error when the creditor "had notice of the error and failed to object or timely appeal").

5

properly notify and serve PRA with the Modified Plan, the Bankruptcy Court did not err when it concluded that the 60-day proof of claim deadline did not bind PRA.

### A. The Bankruptcy Court Did Not Err When it Concluded That The Breens Failed to Serve The Modified Plan on PRA in Accordance With The Rules

#### 1. Modifying a Confirmed Plan

At the beginning of their cases, Chapter 13 debtors propose plans to repay all or a portion of their debts to their pre-petition creditors. 11 U.S.C. § 1321. If a debtor's plan conforms to the requirements of the Bankruptcy Code, the court confirms the plan. 11 U.S.C. §§ 1322, 1325. "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Courts have compared a confirmed Chapter 13 plan to "a new and binding contract, sanctioned by the court, between the debtors and their pre-confirmation creditors," *Murphy v. O'Donnell*, 474 F.3d 143, 148 (4th Cir. 2007) (internal quotation marks and citation omitted), and have concluded that confirmed plans bind the parties to a Chapter 13 case even if they include provisions contrary to the Bankruptcy Code's requirements, *Espinosa*, 559 U.S. at 275.

The Bankruptcy Code further permits parties to modify confirmed plans. *See* 11 U.S.C. § 1329(a). Confirmed plans may be modified at any time after confirmation but before the completion of payments under such plan. 11 U.S.C. § 1329(a). The requirements for post-confirmation plan modification are found in 11 U.S.C. § 1127(b), which incorporates the requirements of 11 U.S.C. §§ 1122, 1123, and 1129. *See generally Universal Coops., Inc. v. FCX, Inc. (In re FCX, Inc.)*, 853 F.2d 1149, 1156 (4th Cir. 1988) (noting requirements for modifying confirmed plan include notice of proposed plan modification, notice of information necessary for creditor to assess nature and impact of modification, hearing on propriety of proposed modification, opportunity of impaired creditor to object to modification, and

6

assessment by bankruptcy court that modified plan meets requirements for confirmation). The plan as modified becomes the plan unless, after notice and a hearing, the court disapproves such modification. 11 U.S.C. § 1329(b)(2).

Relevant here, the Bankruptcy Rules require notice and service for certain matters, including plan modification.[6] Federal Rule of Bankruptcy Procedure 3015(h) applies specifically to modification of a plan after confirmation.[7] Rule 3015(h) provides that the party seeking modification "shall give the debtor, the trustee, and all creditors not less than 21 days' notice by mail of the time fixed for filing objections." Fed. R. Bankr. P. 3015(h). That subsection further explains that "[a]n objection to a proposed modification is governed by Rule 9014." Fed. R. Bankr. P. 3015(h). Rule 3015(h) recognizes that "often the party proposing a plan modification

---

[6] Notice in bankruptcy proceedings differs from service. In this case, the distinction between providing *notice* as required by Rule 2002, and *serving* the Modified Plan as required by Rule 7004, is paramount. Federal Rule of Bankruptcy Procedure 2002(a)(5) requires notice of a plan modification to be provided to all creditors. That Rule requires "at least 21 days' notice by mail of . . . the time fixed to accept or reject a proposed modification of a plan." Fed. R. Bankr. P. 2002(a)(5). Notices under Rule 2002 are mailed to creditors at the address designated by the creditor. When the rights of specific parties involved in a bankruptcy case become an issue, service of the initiating filing on the affected party is required. *See* Fed. R. Bankr. P. 9014. For a corporation, this includes service to an officer, managing or general agent, or other agent authorized to receive service. Fed. R. Bankr. P. 7004(b)(3).

[7] In its entirety, subsection (h) provides:

A request to modify a plan under § 1229 or § 1329 of the Code shall identify the proponent and shall be filed together with the proposed modification. The clerk, or some other person as the court may direct, shall give the debtor, the trustee, and all creditors not less than 21 days' notice by mail of the time fixed for filing objections and, if an objection is filed, the hearing to consider the proposed modification, unless the court orders otherwise with respect to creditors who are not affected by the proposed modification. A copy of the notice shall be transmitted to the United States trustee. A copy of the proposed modification, or a summary thereof, shall be included with the notice. Any objection to the proposed modification shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee. An objection to a proposed modification is governed by Rule 9014.

Fed. R. Bankr. P. 3015(h).

7

is responsible for serving the proposed plan modification on other parties." Fed. R. Bankr. P. 3015 amt 2017.

Local Bankruptcy Rule 3015-2(F) also addresses plan modifications, and applies to situations where, as here, the bankruptcy court previously confirmed a plan. Local Bankr. R. 3015-2(F)(2). Local Rule 3015-2(F)(2)(b) states that when a debtor seeks plan modification, the debtor "shall give notice of the date, time and place of the confirmation hearing as set forth on the first page of the form of Chapter 13 Plan and Related Motions *by serving a copy of the modified plan on the trustee and all creditors.*"[8] Local Bankr. R. 3015-2(F)(2)(b) (emphasis added). The same rule requires that a debtor seeking plan modification give special notice of the modification as required by Local Rule 3015-2(B). Local Bankr. R. 3015-2(F)(2)(b). That subsection, describing special notice, expressly incorporates the service requirements provided in Federal Rule of Bankruptcy Procedure 7004. Local Bankr. R. 3015-2(B). Rule 7004 addresses service by first class mail, which requires mailing a copy of the modified plan to the attention of "an officer, a managing or general agent, or to any other agent authorized to receive by

---

[8] In its entirety, subsection (F)(2)(b) provides:

> When modification is requested by the debtor: If modification of a confirmed plan is sought by the debtor, modification must be requested by filing and distributing a modified Chapter 13 Plan and Related Motions and by giving special notice required by paragraph (B) of this Local Bankruptcy Rule. The special notice required by paragraph (B) of this Local Bankruptcy Rule need not be given, however, if a Chapter 13 Plan and Related Motions has previously been confirmed providing the identical treatment of the secured creditor's claim. The debtor must obtain a new confirmation hearing date from the Clerk. The new confirmation hearing date must allow at least 35 days' notice. The debtor shall give notice of the date, time and place of the confirmation hearing as set forth on the first page of the form of Chapter 13 Plan and Related Motions by serving a copy of the modified plan on the trustee and all creditors. Any objection to the modified plan must be filed not later than 7 days prior to the date set for the confirmation hearing.

Local Bankr. R. 3015-2(F)(2)(b).

8

appointment or by law to receive service of process" when serving an association or corporation. Fed. R. Bankr. P. 7004(b)(3).

## 2. The Breens Did Not Serve PRA The Modified Plan

The Court concludes that the Bankruptcy Court did not clearly err when it found that the Breens sent notice of the Modified Plan to a post office box. Indeed, the Breens do not challenge this factual finding on appeal. (Appellant's Br. 5; ECF No. 6.) But apart from mailing the Modified Plan to a post office box, (R. 79–80, 89), the record is bereft of any indication that the Breens notified a specific officer, agent, or designated authority at PRA about the Modified Plan. Mailing the Modified Plan to a post office box does not satisfy the requirements of the Bankruptcy rules. *See,* Local Rule 3015-2(B), (F)(2)(b). The Bankruptcy Court correctly concluded that service using a post office box address does not suffice, and, without proper notice of the Modified Plan, the relevant 60-day deadline could not bind PRA. (R. 106.) Because the Breens did not satisfy the notice and service requirements, the 60-day deadline in the Modified Plan did not bind PRA and did not preclude PRA from filing its proof of claim.[9]

*Espinosa* does not compel a different result. (*See* Appellant's Br. 6–10.) In *Espinosa*, the creditor "received notice of, but did not object to, the plan, and failed to file an appeal after the Bankruptcy Court subsequently confirmed the plan." *Espinosa,* 559 U.S. at 264. "[Seven

---

[9] Furthermore, case law suggests that the Breen's effort to modify their plan to surrender their Ford Explorer, the collateral for a secured claim, and treating any deficiency as an unsecured claim, may be improper. "A debtor's proposal to modify a plan to surrender the collateral also contains an implicit request that the secured creditor's claim be reclassified as an unsecured claim to the extent there is a deficiency." *In re Boykin,* 428 B.R. 662, 667 (Bankr. D.S.C. 2009). The United States Court of Appeals for the Sixth Circuit has held that the debtor's proposed modification, in which the debtor sought to surrender collateral and treat any deficiency as an unsecured claim, was *per se* impermissible under § 1329. *Chrysler Fin. Corp. v. Nolan (In re Nolan),* 232 F.3d 528, 535 (6th Cir. 2000)); *see also IRS v. White (In re White),* 487 F.3d 199, 207 (4th Cir. 2007) (noting that "a fair reading of [11 U.S.C.] § 1325(a)(5)(C) is thus that the [collateral] surrender must be completed *at or before* the confirmation of the plan") (emphasis in original). Although several courts criticize the *Nolan* decision, *see In re Jones,* 538 B.R. 844, 849 (Bankr. W.D. Okla. 2015) (collecting cases critical of the *Nolan* decision), this Court need not reach that issue here.

y]ears later, the creditor filed a motion under Federal Rule of Civil Procedure 60(b)(4) asking the Bankruptcy Court to rule that its order confirming the plan was void because the order was issued in violation of the Code and Rules." *Id.* at 264. Even though the debtor failed to serve the creditor with a summons and complaint before seeking a discharge, the creditor had actual notice of the plan and failed to object to it. *Id.* at 268.

Critically, however, the Supreme Court noted that while the debtor deprived the creditor of a right granted by a procedural rule (proper notice), the creditor failed to file an objection despite receiving actual notice of the bankruptcy filing and the plan contents. *Id.* at 272. The Supreme Court expressly faulted the creditor for forfeiting its arguments "regarding the validity of service or the adequacy of the Bankruptcy Court's procedures by failing to raise a timely objection in that court." *Id.* at 275 (finding unavailing creditor's argument that it had no obligation to object to debtor's plan until properly served and that creditor slept on its rights).

In the instant case PRA did not sleep on its rights. Rather, PRA acted promptly to file its proof of claim. In contrast to *Espinosa*, the Bankruptcy Court permitted PRA to file a proof of claim, even under the Breens's theory, one month late. This slight delay allowed PRA to vindicate its rights through the proper litigation channels and did not result in prejudice to the Breens or other creditors, readily distinguishing this case from *Espinosa*.

### B. Due Process and Equity Further Support the Bankruptcy Court's Decision to Overrule the Claim Objection

In any event, reviewing the relevant rules and case law regarding tardy proofs of claims show that due process and equity further support the Bankruptcy Court's decision to overrule the Breen's objection to the timeliness of PRA's proof of claim.

With the filing of a Chapter 13 bankruptcy petition, a debtor must file with the clerk a list of creditors. 11 U.S.C. § 521(a)(1)(A). Creditors identified on that list then receive notice. 11 U.S.C. § 342(a). Under Section 523(a)(3), a debtor is not entitled to discharge a debt owed to

10

a creditor if that debtor failed to list the creditor in time to permit that creditor to file a timely "proof of claim." 11 U.S.C. § 523(a)(3)(A).

A "claim" generally means a right to payment that a debtor owes to a creditor. 11 U.S.C. § 101(5). After a debtor files a bankruptcy petition, creditors may file a proof of claim. 11 U.S.C. § 501(a). *See also LVNV Funding, LLC*, 852 F.3d at 369 (4th Cir. 2017) ("Under the Bankruptcy Code's timeline in a Chapter 13 bankruptcy proceeding, plan confirmation and the deadline to file proofs of claim are set relative to the § 341 meeting of creditors."). Once a creditor files a proof of claim the court may deem it allowed, unless a party in interest objects to such claim. 11 U.S.C. § 502(a).

A debtor may object to a proof of claim on timeliness grounds. 11 U.S.C. § 502(b)(9) (permitting disallowance of an untimely filed proof of claim). When an objection is made, the court, "after notice and a hearing," will determine the amount of the claim and shall allow it, "except to the extent that . . . such proof of claim is not timely filed." 11 U.S.C. § 502(b)(9); *see also LVNV Funding, LLC*, 852 F.3d at 372 (discussing proof of claim filing and objection process). Bankruptcy Rule 3002(c) provides that to be timely filed, a proof of claim must be filed within 90 days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 3002(c)(1); 11 U.S.C. § 301(b). But that Rule includes certain exceptions. For example, Rule 3002(c)(6) provides that a court may, on motion filed by a creditor before or after the expiration of the time to file a proof of claim, "extend the time by not more than 60 days from the date of the order granting the motion . . . if the court finds that . . . the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim. . . ." Fed. R. Bankr. P. 3002(c)(6).[10]

---

[10] Section 502(b)(9) further provides that a court may not allow a proof of claim that is not timely filed, with certain exceptions not relevant here. 11 U.S.C. § 502 (b)(9).

11

"It is well established that a secured creditor properly served with notice of a plan, who fails to object to its treatment within the objection period, is deemed to have accepted the plan." *In re Gibson*, 556 B.R. 743, 745 (Bankr. D.S.C. 2016) (citing 11 U.S.C. § 1325(a)(5)(A) and collecting cases). Courts differ, however, in their approaches to late-filed proofs of claim in a Chapter 13 case where the filing creditor received insufficient notice of the proceeding. One line of cases strictly interprets the Code and Rules, prohibiting late-filed claims even when the claimant did not receive notice of the bankruptcy case. The other line of cases focuses on several concerns, including due process and fundamental fairness, and allows late-filed claims of creditors who do not receive notice. Although the cases discussing insufficient notice and late-filed proofs of claim are not entirely on point because the cases primarily concern initial bankruptcy plans rather than plan modifications, the Court considers the discussions concerning such claims instructive. The Court outlines the relative positions below.

### 1. Strict Interpretation View

The courts utilizing the strict interpretation approach consider the Bankruptcy Code and Rules to prohibit late filings, meaning that the Bankruptcy Court does not have the discretion to enlarge the time for filing other than for those enumerated exceptions in Rule 3002(c). In *Gardenhire v. IRS (In re Gardenhire)*, for example, the United States Court of Appeals for the Ninth Circuit viewed the Bankruptcy Code and Rules as conclusively dictating that an untimely proof of claim drawing an objection should not be allowed. 209 F.3d 1145, 1150 (9th Cir. 2000). In that case, the IRS received notice of the bankruptcy action in time to file a proof of claim, yet failed to do so. The Ninth Circuit concluded that equitable tolling could not extend the filing period. *Gardenhire*, 209 F.3d at 1147. *See also In re Greenig*, 152 F.3d 631, 635 (7th Cir. 1998) (prohibiting late filed proof of claim in Chapter 12 bankruptcy proceedings).

The courts that do not allow late-filed proofs of claim frequently note that Section 502(b)(9) and Rule 3002(c) are silent as to a notice requirement, and thus view notice to a creditor as immaterial to the decision to allow or disallow a claim. *See, e.g., In re Mackinder-Manous*, No. 13-21211, 2015 WL 790883, at *5 (Bankr. E.D. Ky. Feb. 24, 2015) ("Section 502(b)(9) unambiguously bars late-filed claims in chapter 13 cases, without regard to whether a creditor lacks notice"); *In re Nwonwu*, 362 B.R. 705, 709 (Bankr. E.D. Va. 2007) (while not discussing service of modified plan, concurring "with those courts holding that a secured claim filed after the claims bar date in a chapter 13 case is subject to disallowance on that basis" when secured creditor filed proof of claim four months after bankruptcy court confirmed plan modification); *In re Jensen*, 333 B.R. 906, 909–10 (Bankr. M. D. Fla. 2005) (reading Section 502(b)(9)'s requirement of timely filing, as incorporated by the time limits in Bankruptcy Rule 3002(c), as a strict bar against late-filed proofs of claim regardless to the reason why such claim is untimely). Applying this rationale, the courts treat the deadlines in Rule 3002(c) as absolute. *See also* Fed. R. Bankr. P. 9006(b)(3) (enumerating when court may enlarge time for certain actions in bankruptcy proceeding).

### 2. <u>Due Process and Fundamental Fairness View</u>

The courts that allow late-filed claims where a creditor lacked notice generally find support under three bases: (1) the bar date for proofs of claim is not absolute and is subject to judicial extension; (2) the assumption under the Bankruptcy Code and Rules that a creditor has received reasonable notice; and, (3) creditors are entitled to notice based on due process or, in the case of a governmental entity, fundamental fairness. *See, e.g., Vicenty v. San Miguel Sandoval*, 327 B.R. 493, 508 (1st Cir. BAP 2005); *United States v. Hairopolous, (In re Hairopoulos)*, 118 F.3d 1240, 1244–46 (8th Cir. 1997). The concern among these courts typically flows from the

rights of the creditor to receive notice and the ability of the debtor to receive a fresh start following the completion of the bankruptcy case.

First, these courts reject the rationale that Section 502(b)(9), together with Rules 3002(c) and 9006(b)(3), impose an absolute statute of limitations on filing of a proof of claim. *See, e.g., In re Unroe*, 937 F.2d 346, 350 (7th Cir. 1991). Because a statute of limitations cannot be adjusted either before or after it expires, these courts find that Congressional approval of an extendable deadline, as reflected in Bankr. R. 3002(c),[11] "distinguishes the bar date from a statute of limitation, indicating that the court's equitable power includes authorization of late-filed claims." *Id.*

Next, these courts conclude that the Code assumes the creditor actually received notice of the case. For instance, the Bankruptcy Appellate Panel for the First Circuit took the position that because a "[s]trict application of the Rule 3002 deadline for filing claims assumes that the creditor has received [the] prescribed notice; late filed claims may be permitted in cases where notice to the creditor was materially deficient or misleading." *San Miguel Sandoval*, 327 B.R. at 508.

Finally, courts that allow late-filed claims where notice was materially deficient cite the creditor's right to due process and fundamental fairness. As the United States Court of Appeals for the Eighth Circuit has explained, the "statutory command for notice embodies a basic

---

[11] Bankruptcy Rule 3002 was amended in 2017 to make clear that a creditor, including a secured creditor, must file a proof of claim to have an allowed claim. Fed. R. Bankr. P. advisory committee's note to 2017 amendment. Further, the 2017 amendment

> expand[s] the exception to the bar date for cases in which a creditor received insufficient notice of the time to file a proof of claim. The amendment provides that the court may extend the time to file a proof of claim if the debtor fails to file a timely list of names and addresses of creditors as required by Rule 1007(a).

*Id.* Notably, the amendments reflect the trend toward allowing late-filed proofs of claim when a debtor provides insufficient notice to creditors.

14

principle of justice—that a reasonable opportunity to be heard must precede judicial denial of a party's claimed rights." *Hairopoulos*, 118 F.3d at 1244 (quoting *City of New York v. N.Y., New Haven & Hartford R.R.*, 344 U.S. 293, 297 (1953)). In *Hairopoulos*, the Eighth Circuit held that while the IRS received notice of a Chapter 7 case, it did not receive notice of conversion to a Chapter 13 case; and such lack of notice did not satisfy due process and fundamental fairness. *Id.* at 1246; *see also United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089 (6th Cir. 1990) ("Due process and equitable concerns require that when a creditor does not have notice or actual knowledge of a bankruptcy, the creditor must be permitted to file tardily when the creditor does so promptly after learning of the bankruptcy.").

### 3. The Bankruptcy Court Correctly Overruled the Claim Objection

Applying these considerations to the case at hand, the Court finds persuasive the line of cases affording the Bankruptcy Court flexibility regarding a claims bar date when there has been insufficient notice.[12] When a creditor has not received sufficient notice of a modified plan, questions necessarily arise about the rights of the creditor and the debtor's ability to achieve a fresh start. Depriving creditors that lack proper notice from receiving payment under a debtor's

---

[12] The Court readily affirms the Bankruptcy Court's conclusion that whether PRA received proper notice of the Modified Plan constitutes a contested matter. Disputes in bankruptcy are generally classified as either "adversary proceedings," essentially full civil lawsuits carried out under the umbrella of the bankruptcy case, or "contested matters," an undefined catchall for other issues the parties dispute. *See* Fed. R. Bankr. P. 7001 (listing ten adversary proceedings); Rule 9014 (addressing "contested matter[s] not otherwise governed by these rules"). A "contested matter" in the bankruptcy context is a term of art. *See* 10 COLLIER ON BANKRUPTCY ¶ 9014.01 (16th 2019) (describing "contested matters" and providing examples). Rule 9014, which applies to contested matters, incorporates most of the Bankruptcy Rules governing adversary proceedings as well as the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 9014. For instance, an objection to a plan initiates a contested matter. *See* Fed. R. Bankr. P. 3015(f). And filing an objection to a claim begins a "contested matter," governed by Federal Rules of Bankruptcy Procedure 3007 and 9014. *See, e.g., Gentry v. Siegel*, 668 F.3d 83, 92 (4th Cir. 2012) (observing that a contested matter arises once "an objection to [a] claim has been interposed"); *See generally* Fed. R. Bankr. P. 3007(a) (establishing the procedure for filing objections to claims); *id.* 9014 (establishing the procedure for the adjudication of "contested matters").

modified plan affects their ability to collect distributions. In such a situation, due process provides sufficient grounds for the Bankruptcy Court to exercise its equitable discretion to allow a late filing when a creditor does not receive proper notice.[13] Finding to the contrary might encourage debtors to avoid giving proper notice to creditors, thwarting creditors's ability to file timely proofs of claims. The Court therefore holds that, to prevent an injustice to the creditor (and, perhaps, the debtor) requiring proper notice and service of a modified plan takes precedence over a strict reading of the rules.

In sum, because the Breens did not properly serve the Modified Plan on PRA, the 60-day deadline did not preclude PRA from filing its proof of claim. While the Breens may have given adequate *notice* to PRA at the post office box address listed on the relevant forms as required by Rule 2002, the Breens did not *serve* the Modified Plan as required by Rules 3015 and 7004. As a result, the Bankruptcy Court, adhering to the rules and drawing from its equitable power, correctly overruled the Breen's objection to PRA's proof of claim.

### IV. Conclusion

For the foregoing reasons, the Court will affirm the Bankruptcy Court and deny as moot the "Motion Under Federal Rules of Appellate Procedure 8018(e) to Dispense with the Appendix and Permit Appeal on Original Record."

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: July 3, 2019
Richmond, Virginia

---

[13] As a known creditor, due process entitles PRA to receive actual notice of the Modified Plan. The United States Supreme Court has defined "reasonable notice" as "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).